## WESTERN CONSTRUCTION COMPANY *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF CARROLL.

[No. 7,321.    Filed January 4, 1912.]

APPEAL.—*Jurisdiction.—Transfer.—*Where a constitutional question is presented on appeal, the Appellate Court is without jurisdiction and the case will be transferred to the Supreme Court.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by the Western Construction Company against the Board of Commissioners of the County of Carroll. From a judgment for defendant, plaintiff appeals. *Transferred to Supreme Court.* (See 178 Ind. —.)

*Haywood & Burnett* and *R. C. Pollard,* for appellant.
*Boyd & Julien* and *C. R. Pollard,* for appellee.

PER CURIAM.—This is an action by appellant against appellee, based on an assessment for a street improvement made upon the public square owned by Carroll county. At the time the improvement was made there was no statute in this State authorizing an assessment, such as this, against property owned by a county. After the improvement was completed, the legislature passed an act providing that real estate owned by counties and other municipal corporations should be subject to liens for municipal improvements. The law is made to apply to all improvements that had been constructed, or were in process of construction, under contracts let prior to the enacting of the statute, the cost of

which improvement had not been paid.   Acts 1907 p. 167, §§8712, 8713 Burns 1908.

One of the questions presented for decision is the sufficiency of the complaint, and one of the objections urged against it is that the statute before referred to violates the provisions of the state and federal Constitutions.   It therefore appears that the question of the constitutionality of a statute is duly presented for decision, and this court has no jurisdiction of this appeal.

The case is accordingly transferred to the Supreme Court.